UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.
MAGISTRATE JUDGE: **99 - 3073**

**CIV - KING**

MAGISTRATE JUDGE
O'SULLIVAN

ADVOCATES FOR THE DISABLED, INC., a
Florida not-for-profit corporation, and ERNST
ROSENKRANTZ, Individually,

       Plaintiff(s),

vs.

BISCAYNE 135, LTD., a Florida limited
partnership d/b/a SHOPPES OF BISCAYNE,

       Defendant(s).

_____/

## COMPLAINT
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation,

and ERNST ROSENKRANTZ, Individually, (sometimes jointly referred to herein as "Plaintiff"),

sue the Defendant, BISCAYNE 135, LTD., a Florida limited partnership d/b/a SHOPPES OF

BISCAYNE (sometimes referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and

costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

## JURISDICTION AND VENUE

1.     This action arises from a violation of Title III of the Americans With Disabilities Act, 42

U.S.C. § 12181, et seq. as more fully set forth herein.  This Court has original jurisdiction

pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343.

2.     Venue lies in this district as the property which is the subject matter of this claim is located

in this judicial district, and the Defendant is doing business in this judicial district.

## STATUTORY BACKGROUND

3.     On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4.     Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5.     The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6.     Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Plaintiff, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements

-2-

of the ADA. ADVOCATES FOR THE DISABLED, INC. has also been discriminated against because of its association with its disabled members and their claims.

7.    Plaintiff, ERNST ROSENKRANTZ is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA.

8.    Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9.    Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as and is located at: SHOPPES OF BISCAYNE, 13400 Biscayne Boulevard, North Miami, FL

## THE INSTANT CLAIM

10.    Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in

28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

11. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less): See Exhibits A1-A9.

   A. The property is not compliant with the ADA. See the Americans with Disabilities Act Architectural Guidelines ("ADAAG")

   B. The parking is not compliant:

      1. The parking spaces designated for the disabled do not have the required access aisles. See ADAAG Sec. 4.6.3.

-4-

    2.    There is no proper path of travel from the disabled parking space to the entrance(s) of the building. Whenever an accessible route crosses a curb, there must be a curb cut. See ADAAG Sec. 4.7.1.

  C.    The ramps for access to the property are not compliant with ADAAG Sec. 4.7 and 4.8. Said ramps are too steep and lack handrails. The one located on the west side of the center is located such that a person with a disability must travel behind a parked vehicle for ingress and egress.

  D.    The public telephones lack volume controls.

14.    The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15.    The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA .

16.    Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17.    Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

-5-

18.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19.     Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently  until such time as  the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a.     A temporary injunction and a  permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b.     An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c.     Such other relief as the Court deems just and proper.

**DATED:** _11/8/99_

By: JOHN D. MALLAH
Florida Bar#: 457760
Fuller& Mallah and Associates, P.A.
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305) 534-9894 - Fax

W:\WPDocs\A.D.A\Shoppes of Biscayne\Complaint(kl).wpd

-6-





































# CIVIL COVER SHEET 99-3073
## CIV - KING

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**MAGISTRATE JUDGE O'SULLIVAN**

**I (a) PLAINTIFFS**

ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, and ERNST ROSENKRANTZ, individually

**DEFENDANTS**

BISCAYNE 135, LTD., a Florida limited partnership, d/b/a SHOPPES OF BISCAYNE,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Dade
(IN U.S. PLAINTIFF CASES)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A dade 99 cv 3073 King O'Sullivan

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULLER, MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139 (305) 538-6483

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

3. Federal Question (X)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. Sec. 12181, seeking injunctive relief for violation of Title III of the American with Disabilities Act.

**IVa.** 2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

443 Housing/Accommodations (X)

**VI. ORIGIN** 1. Original Proceeding (X)

**VII. REQUESTED IN COMPLAINT** JURY DEMAND: NO (X)

**DATE** 11/8/99

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. 81221 2   Amount: 150.00
Date Paid: 81221 2